HOEFT *v.* KOCK.

CORPORATIONS — INCREASE OF CAPITAL STOCK — NEGLECT TO FILE
· AMENDMENT—RIGHTS OF STOCKHOLDER.

> Where all of the stockholders of a corporation were present at
> a meeting at which a resolution to increase the capital stock
> was regularly adopted, and money was paid to the manager
> to cover the cost of recording the same in the offices of the
> secretary of state and county clerk, there was an increase of
> stock *de facto,* and a purchaser of stock forming a part of
> such increase, having participated in the affairs of the cor-
> poration for more than two years, cannot repudiate his sub-
> scription, and recover from the officers the amount paid by
> him for his stock, because of a failure to record such resolu-
> tion of increase.

Error to Wayne; Carpenter, J.    Submitted January 10,
₁900.    Decided March 6, 1900.

Case by August Hoeft against Jacob Kock and Charles
Uelsmann, impleaded, etc., for alleged misrepresentations
in the sale of corporate stock.    From a judgment for de-
fendants on verdict directed by the court, plaintiff brings
error.    Affirmed.

*Walter Barlow,* for appellant.

*Thomas Hislop,* for appellees.

MONTGOMERY, C. J.    On a former appeal the judgment
for plaintiff was reversed (119 Mich. 458, 78 N. W. 556), and
the case remanded for a new trial.    A second trial has been
had, and at the conclusion of the trial a verdict was di-
rected for the defendants.    The declaration avers, among
other things, that the defendants fraudulently represented
that the authorized capital stock was $50,000; the theory
of the declaration apparently being that, more than $25,-
000 having been issued before that in question was issued
to plaintiff, the issue to him was invalid, and that he is
entitled to recover the amount paid, as for a fraud com-

mitted against him by defendants. The undisputed testimony shows that prior to the issue of the stock in question, upon a notice to all stockholders, and at a meeting at which all were present, a resolution increasing the authorized capital stock to $50,000 was passed in due form, and money handed to the manager to cover the cost of recording certificates in the offices of the county clerk and secretary of state. It is evident that all parties understood that this amendment had been filed. The plaintiff himself became a director, and acted for some time. Two years and more after the purchase of the stock, after the company was in financial straits, he discovered the omission, and tendered back his certificate of stock, and now seeks to recover its value from the defendants on the ground that by issuing the certificate (the one as president, and the other as secretary) they represented that they had lawful authority to issue it, when in fact they had not.

It is said that the failure to record the resolution increasing the capital stock rendered the attempt to increase inoperative. It is undoubtedly true that the State might proceed against the corporation, but it does not follow that stockholders are in a position to complain. The stockholders, who all participated in the increase, cannot be heard to say that it was unauthorized. There was an increase of the stock *de facto*. The plaintiff was in no way damaged because of the omission to file and record the resolution. 1 Cook, Stock, Stockh. & Corp. Law, § 288; *Chubb* v. *Upton*, 95 U. S. 665.

The judgment is affirmed.

The other Justices concurred.